[Civ. No. 21942. Second Dist., Div. Three. Mar. 18, 1957.]

AMERICAN ALLOY STEEL CORPORATION (a Corporation), Appellant, v. SIDNEY D. ROSS et al., Respondents.

Arthur V. Kaufman for Appellant.

Milton A. Krug and Albert A. Albeck for Respondents.

VALLÉE, J.—Appeal by plaintiff from judgments of dismissal entered on the sustaining of separate demurrers of defendants to the fourth amended complaint. The demurrers were sustained with leave. Plaintiff declined to amend and the judgments of dismissal followed. The demurrers were general and special. The record does not disclose the ground or grounds on which the demurrers were sustained, a practice we have had occasion to criticize.

The allegations of the fourth amended complaint may be summarized as follows:

Defendant Harold Baker, doing business as Baker Metal Products, is engaged in the business of selling tool steel, alloy steel, and other steel products of the same type as sold by plaintiff. One Evans was engaged for more than seven years in the business of dealing with such products in Los Angeles County. In November 1954 plaintiff corporation was organized and on November 24, 1954, it acquired the business, assets, and good will of Evans. Since November 1954 plaintiff has been engaged in that business. In the course of its business plaintiff and its predecessor Evans, through solicitation and circularizing in person and by mail, have built up a good reputation among purchasers of its products and have become well known to the trade as a source from which tool steel and alloy steel may be purchased.

Since November 1954 defendant Ross was employed by

plaintiff as a salesman, and was at all times during his employment furnished with lists of customers of plaintiff and purchasers of its tool steel and alloy steel. The names and addresses of such customers constituted part of the good will of plaintiff's business and a trade secret of great value.

The type of steel dealt with by plaintiff is used for the maintenance and repair of machinery and plant production machines and is known in the steel trade as tool steel and alloy steel. The only customers who have use for such steel are factories and plants whose equipment and machinery are in continuous operation and have wearable parts which must be replaced by this tool steel and alloy steel. While there are hundreds of steel purchasers and prospective steel purchasers, all of whom are listed in various directories, there is no directory or any list of those customers who would have use for the tool steel and alloy steel sold by plaintiff. In order to ascertain the specific users of such tool steel and alloy steel it was necessary for plaintiff and its predecessor Evans, by means of personal contact, letters, and advertisements, to screen all the steel companies and steel users in order to pick out the companies who would require such tool steel and alloy steel. The list of users so obtained by plaintiff and its predecessor is not readily accessible to others and is a confidential and secret list. Such list was disclosed to Ross only by reason of his employment by plaintiff. An established business relationship has been developed between plaintiff and each of the users of plaintiff's tool steel and alloy steel so obtained, which would normally continue unless interfered with by Ross. For any competitor to compile a list of such concerns would entail considerable time and effort as well as expense, and by reason thereof the list is very valuable to plaintiff.

On June 24, 1955, Ross entered the employment of Baker in Los Angeles County and immediately thereupon began to solicit plaintiff's customers whose names he obtained by reason of his employment with plaintiff, and endeavored to induce said customers to cease purchasing their tool steel and alloy steel from plaintiff and to become customers of Baker. Ross is soliciting plaintiff's customers with the intent to injure plaintiff's business.

Plaintiff demanded of Ross that he refrain from such practices. Ross has refused to comply with the demand. On information and belief, it is the intention of Ross to continue his efforts to take from plaintiff its customers and to take

advantage of the knowledge and information obtained while an employee of plaintiff. It is the intention of Ross to obtain as many of plaintiff's customers as possible for the purpose of selling them tool steel and alloy steel of the type dealt with by plaintiff.

Prior to the commencement of this action plaintiff advised Baker that Ross had acquired the list of plaintiff's customers while in plaintiff's employ and that such list constitutes a trade secret and confidential information. Plaintiff demanded of Baker that he require Ross to refrain from contacting such customers for the purpose of purchasing tool steel and alloy steel of the type dealt with by plaintiff. Baker refused.

Unless Ross is enjoined from soliciting the patrons and customers of plaintiff he will continue to do so. The damage which plaintiff will sustain is practically impossible to determine and plaintiff will suffer great and irreparable damage.

On information and belief, between June 24, 1955 and the filing of the fourth amended complaint Ross, in behalf of Baker, has solicited and sold to customers of plaintiff, whose names and addresses he obtained by reason of his employment with plaintiff, tool steel and alloy steel of the value of $10,000. By reason thereof plaintiff has been damaged in the sum of $5,000. If Ross continues to solicit the customers of plaintiff he will sell said customers steel of the value of $6,000 a month and plaintiff will lose sales in that amount to its damage in the sum of $3,000 a month. The prayer is for an injunction and damages.

This action was filed July 7, 1955.

We have recently had occasion to consider a complaint in substantially the same form as the fourth amended complaint in this action—*Mathews Paint Co.* v. *Seaside Paint & Lacquer Co.,* 148 Cal.App.2d 168 [306 P.2d 113]. Without repeating all that is there said, we adopt the reasoning and authorities to be found in that opinion. We stated (p. 171) :

"In *California Intelligence Bureau* v. *Cunningham,* 83 Cal. App.2d 197 [188 P.2d 303], an injunction against the former employes of the plaintiff was affirmed. On pages 201 and 202 of the opinion two groups of cases are listed, one, the so-called 'route cases,' in which injunctive relief was held proper, and another group in which it was denied. . . . The opinion enumerates the features which cast a given case into one group or the other. Without repeating it we adopt what was said as to the basis for classification. The opinion proceeds (p. 203) : 'The fundamental difference in the decisions,

as we read them, is whether in a given case the knowledge gained by an employee is secret and confidential. If it is, its use by a former employee will be enjoined. If it is not, its use by a former employee will not be enjoined. ■ Some knowledge gained by an employee is of such a general character that equity will not restrict its later use. An employee has a right, after cessation of employment, to use anything that is not the property of his employer. ■ Trade and business secrets and confidential information are the property of the employer and cannot be used by the employee for his own benefit.' This is the principle that controls in the instant case. . . .

"[P. 174.] ■ A salesman necessarily becomes somewhat acquainted with the particular requirements of his customers, but the knowledge he obtains in this manner is not in and of itself confidential information which is the property of the employer. . . .

■ "Injunctive relief should be granted only upon convincing proof of a harmful violation of the plaintiff's rights, and the instances in which such rights are violated by an employe's misuse of information gained during his employment constitute an exceedingly small proportion of the whole. ■ A salesman who leaves one employer has a right to enter the employment of a competitor. He necessarily is possessed of information gained in the earlier employment which will enable him to better succeed in later ones. ■ The doctrine under which injunctive relief is granted should not be given application that would overemphasize the employer's right to the detriment of the employe by treating as confidential and secret all knowledge and information gained by the employe that might be of assistance to him and a later and competing employer."

■ The fourth amended complaint does not allege that Ross acquired trade and business information which was not readily accessible to others. In fact, it in effect alleges that defendants, by doing what Evans and plaintiff did, could have obtained a similar list. It is alleged that Baker is engaged in the business of selling tool steel and alloy steel of the same type sold by plaintiff. It is obvious that purchasers of tool steel and alloy steel are generally known in the trade or could be readily ascertained. It is not alleged that other producers of tool steel and alloy steel, including Baker, were not at all times competing with plaintiff for the sale of their products to the firms on plaintiff's list and to others in the

same category. That is to say, it is not alleged that among plaintiff's customers were any who were not equally well known to plaintiff's competitors. The allegation that the list of plaintiff's customers was secret and confidential is a mere conclusion. Persons and corporations having factories and plants whose equipment and machinery are in continuous operation and have wearable parts which must be replaced by tool steel and alloy steel are not alleged to be secret and obviously they are not. It is not alleged that the tool steel and alloy steel sold by plaintiff are any different from that sold by its competitors. The inference is to the contrary. Baker sells the same type as plaintiff. The facts alleged negative secrecy and that the information is confidential. ▮ If the customer list is not secret and confidential it is not the property of the employer. (*Continental Car-Na-Var Corp.* v. *Moseley,* 24 Cal.2d 104, 109 [148 P.2d 9].) ▮ Defendants are alleged to have done nothing except sell and that they intend to sell to customers in a field which is known to and open to all competitors of plaintiff. There was no duty on Ross to refrain from soliciting persons whose names he learned in plaintiff's employ—hence there is no basis for an injunction or for damages.

The fourth amended complaint does not state facts sufficient to constitute a cause of action.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.