**Bill G. BROOKS et ux., Appellant,**

v.

**AMERICAN BIOMEDICAL CORP., dba West Texas Regional Medical Laboratory, Appellee.**

No. 4655.

Court of Civil Appeals of Texas, Eastland.

Dec. 20, 1973.

Rehearing Denied Jan. 11, 1974.

Beverly Tarpley, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

William Woodburn and Roger Whitehurst, Nolen, Woodburn, Huke & Whitehurst, Dallas, for appellee.

WALTER, Justice.

The appellee's statement of the nature and result of the suit is substantially correct. It is in part as follows:

"On August 7, 1973 Appellee, American Biomedical Corporation, filed suit against Bill Brooks for damages for breach of his written contract of employment with Appellee, and to seek a Permanent Injunction against Bill Brooks to enforce a covenant not to compete contained in the contract. Additionally, an injunction is sought against the former employee, Susan Brooks, wife of Bill

Brooks and Appellant herein, to enjoin her from various acts relating to the confidential nature of her employment. Upon the filing of the suit, a Temporary Restraining Order was granted and upon Notice and hearing, a Temporary Injunction was ordered, temporarily enjoining Bill Brooks in accordance with the terms of the contract and enjoining his wife, Susan Brooks, also a former employee of Appellee, from certain acts hereinafter set out. Appellant Susan Brooks, joined by her husband, appeals only from the Order Granting a Writ of Temporary Injunction insofar as it enjoins Susan Brooks."

Mrs. Brooks contends the court erred in enjoining her on the basis of a written covenant not to compete to which she was not a party. She also contends the terms of the injunction are vague and uncertain to the extent that they are unenforceable.

Dr. Brooks signed a written contract not to compete with American Biomedical Corporation. Mrs. Brooks did not sign any such contract. After her employment with American Biomedical Corporation was terminated, she worked for a competing laboratory.

The judgment provides in part as follows:

"It is further ORDERED, ADJUDGED AND DECREED that the Clerk of this Court issue a Writ of Injunction pending final hearing and determination of this cause enjoining SUSAN BROOKS, Defendant, from:

a) The operation of Edgewood Laboratory in competition with Plaintiff's West Texas Regional Medical Laboratory;

b) Inducing, or attempting to induce the employees of West Texas Regional Medical Laboratory to leave the employment of Plaintiff;

c) From interfering with the contractual relationships which Plaintiff has with its customers;

d) From using directly or indirectly or in any manner disclosing to any other person any knowledge of the credit information regarding Plaintiff's customers or prospective customers acquired while Defendant Susan Brooks was in the employ of Plaintiff;

e) From using directly or indirectly or in any manner disclosing to others the information obtained by Defendant Susan Brooks while in the employ of Plaintiff regarding Plaintiff's pricing and discount policies;

f) From using her personal identity and relationship with the employees and officers of Plaintiff's customers who make the decisions to purchase the services offered by Plaintiff in the solicitation of Plaintiff's customers.

In Millwrights Loc. Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683 (Sup.Ct.1968) the court said:

"The first question which must be decided is whether there is evidence in the record supporting the trial court's judgment issuing a writ of temporary injunction against Millwrights. To authorize issuance of the writ, Rust had the burden of not only pleading facts which, if proved, would entitle it to a permanent injunction, but, as well, of offering evidence tending to prove its probable right thereto on final hearing and of probable injury in the interim. Sun Oil Co. v. Whitaker, 424 S.W.2d 216 (Tex.Sup. 1968); Oil Field Haulers Ass'n v. Railroad Commission, 381 S.W.2d 183 (Tex. Sup.1964); Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961)."

Mrs. Brooks was employed by American Biomedical Corporation as the office manager. The Corporation contends that while

so employed she obtained confidential information or trade secrets relating to the operation of its business which she is now using in competition with it to her advantage and to its detriment. The Corporation specifically states:

"Appellee did not allege nor attempt to prove that a list of its clientele would be classified as a trade secret or other confidential information. Appellee does, however, prove that the credit information regarding its clients, the persons employed by Appellee's clients who purchased the services of or directed the tests to clinical laboratories, the prices and discounts charged to those clients is confidential." It also contends its courier routes are confidential.

Mr. Geilich negotiated the contract with Dr. Brooks on behalf of the Corporation. Dr. Brooks' contract provided that he would be the medical director of American Biomedical Corporation in Abilene. It contained a provision that the doctor would not compete with the Corporation for a period of two years after the termination of the contract in the geographical area designated therein. Dr. Brooks married Susan after the contract was signed. Mr. Geilech testified his company had no written contract with Susan not to compete and that it was not customary in his business to have a written contract with salaried employees. In American Alloy Steel Corporation v. Ross, 149 Cal.App.2d 215, 308 P.2d 494 (1957) at page 497 the court said:

"Injunctive relief should be granted only upon convincing proof of a harmful violation of the plaintiff's rights, and the instances in which such rights are violated by an employe's misuse of information gained during his employment constitute an exceedingly small proportion of the whole. A salesman who leaves one employer has a right to enter the employment of a competitor. He necessarily is possessed of information gained in the earlier employment which will enable him to better succeed in later ones. The doctrine under which injunctive relief is granted should not be given application that would overemphasize the employer's right to the detriment of the employe by treating as confidential and secret all knowledge and information gained by the employe that might be of assistance to him and a later and competing employer.'"

A party may protect a trade secret without a written contract with its employee and the employee who learns of a trade secret is prohibited from using it. In Texas Shop Towel v. Haire, 246 S.W.2d 482 (Tex.Civ.App. San Antonio 1952, no writ hist.) at page 485, the court said:

"In the case of a trade secret, a contract does not create the right, for the right exists by reason of the confidence."

Credit information regarding its clients, persons employed by its clients, prices charged for its services and courier routes are matters which are generally known to any person engaged in this business or can be ascertained by an independent investigation. We hold that under the pleadings and evidence in this case these matters do not constitute trade secrets or confidential information subject to the equitable remedies of injunction.

The temporary injunction against Susan Brooks is dissolved.