Jesse R. CAMP et al., Appellants,

v.

Emery E. SHANNON, Appellee.

No. 5487.

Court of Civil Appeals of Texas.

El Paso.

March 1, 1961.

Rehearing Denied March 29, 1961.

———◆———

Deaderick & McMahon, Robert B. Cox, Odessa, for appellants.

Ramsey, Barber & Smith, Andrews, for appellee.

FRASER, Justice.

This is an appeal from an order of the District Court of Andrews County, Texas, which order temporarily enjoins the appellants from removing the appellee as President, or in any way interfering with the performance by the appellee of the duties of President of Tank Cleaners, Inc., or from issuing any unused stock or disposing of any assets of said corporation.

As stated in appellants' brief, this suit is apparently the culmination of disputes between two factions of stockholders within the corporation.

The trial court held that the share-holders' meeting, the basis of this suit, was illegal, and issued the injunction as the result of his findings to that effect. At the meeting it appears that all of the issued stock was represented in person or by proxy. The stockholders elected a new board of directors, which did not include the appellee. The trial court heard one witness, who was called by appellee as an adverse witness, and on the basis of this testimony, and, presumably, the arguments of counsel, the trial court granted the temporary injunction.

Appellee argues that this injunction is justified primarily on the ground of keeping a disputed subject matter in status quo until the merits of the case can be determined. We think that appellee's position is sound, and that the action of the trial court should be affirmed. It has long been held, and justification for such action is summed up best in an opinion by Justice Calvert, of the Supreme Court of Texas, in the case of Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 552. In that case the Supreme Court, speaking through Justice Calvert, points out:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits (Cases cited). To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation."

See also Seabrook Land Co. v. Lipscomb, Tex.Civ.App., 331 S.W.2d 429 (wr. dis'm.); Garcia v. Sun Oil Co., Tex.Civ.App., 300 S.W.2d 724 (n. r. e.), and lastly, a case that went up from this court—Southwest Weather Research, Inc. v. Jones, Tex., 327 S.W.2d 417. In this last case, Justice Norvell, of the Supreme Court, again points out

the necessity of preserving the status quo until the problems of the lawsuit can be settled.

In the case before us, appellee alleges, and the evidence discloses, that Articles 2.25 and 9.09 of the Texas Business Corporate Act, V.A.T.S., and the mandatory provision contained in Section 3 of the by-laws of the Tank Cleaners, Inc., were not complied with; that the call of the meeting on October 8th was not requested in writing, as required by the by-laws; and, lastly, that after the meeting was over, a substantial stockholder was upset and unsure about the legality and propriety of the actions of the meeting held on the night before. It is further evident from the record that two of the stockholders held stock that was not authorized by the Board of Directors.

It appears that the real controversy lies in the fact that appellee was left off of the new Board of Directors, which proceeded to meet on this same evening, after the stockholders' meeting, and removed appellee as manager of the corporation.

In view of the fact that there are so many objections to the legality of this meeting; that the by-laws provide that such meeting shall always be held on the 27th day of October, rather than the 8th; that no waivers were filed by anybody waiving proper notice or the requisite ten days' time between notice and meeting, or the change in the meeting time of the regular annual meeting; and the indication by the witness that one of the leading stockholders was upset and apparently dissatisfied after the meeting, and that two of the leading stockholders—one of whom was appellee—claimed that the entire meeting was illegal; we believe that a proper predicate was laid here to justify the issuance of a temporary injunction to hold matters in status quo until the legal questions could be properly resolved. This is especially persuasive in view of the fact that the two provisions of the Texas Business Corporate Act, mentioned above, have never been interpreted in court.

Appellants' second point objects to the trial court's permitting appellee to file a trial amendment bringing up the lack of proper notice. We can see no harm in the action of the trial court here, and find no record of an application for a continuance due to surprise.

For the reasons set forth above, appellants' points are overruled, and the decision of the trial court affirmed.

ABBOTT, J., not sitting.