JESSE R. CAMP V. EMERY E. SHANNON

No. A-8286. Decided July 26, 1961
(348 S. W. 2d Series 517)

*Deaderick & McMahon* and *Robert B. Cox,* of Odessa, for petitioner.

*Ramsey, Barber & Smith* and *Kenneth Vinson,* of Andrews, for respondent.

MR. CHIEF JUSTICE CALVERT delivered the opinion of Court.

Suit was by respondent, Shannon, against petitioners, seven in number, for a restraining order, a temporary injunction and

a permanent injunction restraining and enjoining petitioners from removing respondent as president of Tank Cleaners, Inc. and from issuing any of the unissued stock in, and disposing of any of the assets of, the corporation. The restraining order prayed for was granted, and the application for a temporary injunction was set for hearing.

Petitioners answered the application and by cross-action themselves sought a temporary and a permanent injunction restraining and enjoining respondent from acting as president or manager of Tank Cleaners, Inc. and from interfering in any way with the operation and control of the corporation by its properly elected officers and board of directors.

The trial court denied the temporary injunction sought by petitioners and granted the temporary injunction sought by respondent. The Court of Civil Appeals affirmed. 344 S.W. 2d 755.

The ultimate question which we must decide is whether the trial court abused its discretion in granting the temporary injunction. The facts pertinent to that inquiry are undisputed.

Respondent was a director and the duly elected president of Tank Cleaners, Inc. He was also the employed manager of its business and affairs. The bylaws of the corporation provide that the meeting of stockholders for the election of directors shall be held on the 27th day of October of each year. They also provide that notice of the meeting shall be mailed by the secretary-treasurer to the shareholders "ten days prior thereto".

Respondent was displaced as a director of the corporation at a stockholders meeting held on October 8, 1960, and was displaced as president and manager at a meeting of the directors held immediately after the conclusion of the stockholders meeting. In his petition respondent asserted that he was entitled to the injunctive relief he sought because the stockholders meeting at which he was displaced as a director was an illegal meeting and that the directors who displaced him as president and manager were therefore not legally elected.

The only witness to testify at the trial was the secretary-treasurer of the corporation. His testimony developed that the October 8th meeting of the stockholders was called at the request of respondent for the purpose of electing directors; that notice

of the meeting was mailed on September 30, less than ten days prior to the meeting; that all of the outstanding stock of the corporation, 6420 shares, was represented at the meeting, and that respondent called the meeting to order and presided until all seven directors had been elected.

The minutes of the meeting were offered in evidence by petitioners and were admitted. They also reflect that respondent called the meeting to order, presided throughout the transaction of routine business and called for "the nomination and election of the new slate of Board of Directors." Thereupon, each of petitioners was separately nominated and elected. All of the outstanding stock except 20 shares held by the secretary (who was too busy keeping minutes to vote) was voted for the first six persons nominated. All of the stock except the 20 shares held by the secretary, 1500 shares owned by respondent and 100 shares owned by respondent's son for whom respondent was proxy, was voted for the seventh nominee. Respondent then left the meeting.

█ The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex. Com. App. 12 S.W. 2d 959, 960. A trial judge therefore has broad discretion to grant or to deny a writ when the pleadings and the evidence show a probable right of recovery in the applicant and a probable injury to him if the writ is not granted. Transport Co. of Texas v. Robertson Transports, 152 Texas 551, 261 S.W. 2d 549. A necessary corollary of that rule is that a trial judge abuses his discretion if he grants a writ when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery. To furnish a reasonable basis for the conclusion the evidence need not establish that the applicant will finally prevail in the litigation, Transport Co. of Texas v. Robertson Transports, supra, but it must, at the very least, tend to support a right of recovery. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Texas 560, 99 S.W. 2d 263, 109 A.L.R. 1235.

█ In harmony with the foregoing rules is our holding in Southland Life Ins. Co. v. Egan, 126 Texas 160, 86 S.W. 2d 722, that "the trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts". We recognized and reaffirmed that as a sound statement of the law in General Telephone Co. v. City of Wellington, 156 Texas 238, 294 S.W.

2d 385, 393, and in Dallas General Drivers, Warehousemen and Helpers, et al v. Wamix, 156 Texas 408, 295 S.W. 2d 873. The rule could hardly be otherwise without risk of grave injustice. An applicant for a temporary injunction seeks extraordinary equitable relief. He seeks to immobilize the defendant from a course of conduct which it may well be his legal right to pursue. Crowded dockets, infrequent jury trial weeks, or trial tactics can often delay a trial of a case on its merits for many months. The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery. If not, no purpose is served by the provisions of Rule 680, T.R.C.P., limiting the time for which a restraining order granted without a hearing can operate and requiring a hearing before a temporary injunction can issue. If he cannot or does not discharge his burden he is not entitled to extraordinary relief. Writs of injunction should not issue on mere surmise.

The meeting of the stockholders at which respondent was displaced as a director and others were elected is said by respondent to have been illegal because it was not held on the dates fixed by the bylaws and because ten days notice of the meeting was not given as provided in the bylaws and as provided in Art. 2.25, Texas Business Corporation Act, Vol. 3A Vernon's Annotated Texas Statutes. That contention presents pure questions of law. If the meeting was illegal for those reasons, the trial court did not abuse its discretion in granting the temporary injunction. If, on the other hand, the meeting was not illegal for those reasons, the granting of the injunction was an abuse of discretion, for there is no evidence that the meeting was tainted with illegality in any other respect.

■ The provision for ten days notice, found in both the bylaws of Tank Cleaners, Inc. and in Art. 2.25 of the Business Corporation Act, is for the benefit of the stockholders. They may waive notice by written instrument as provided in Art. 9.09, Texas Business Corporation Act, or by voluntarily attending and participating in the meeting without protest. 13 Am. Jur. 519-520, Corporations, § 479; 18 C.J.S. 1232-1233, Corporations, § 544f; 51 A.L.R. 941, 945-954; 2 Hildebrand Texas Corporations 441, § 533. If they may waive notice altogether, it follows that they may likewise waive irregularities in the notice. Moreover, when a stockholder, without objecting, appears at and participates in a stockholders meeting, he will not be heard to complain of lack of notice of the meeting or of irregularities in the notice.

First Mortgage Bond Homestead Ass'n., Inc. v. Baker, 157 Md. 309, 145 Atl. 876; 5 Fletcher Cyclopedia Corporations 73, § 2011.

■ We are also of the opinion, largely for the same reasons, that the election of directors was not illegal because the stockholders meeting was held on October 8th instead of October 27th. That the election of directors on a date other than that fixed in the bylaws can be a legal election is illustrated by those cases in which directors have been compelled by judicial action to call and hold a meeting of stockholders for the election of directors after the date therefor fixed in the bylaws has passed. See State ex rel. Sears v. Wright, 10 Nev. 167; Walsh v. State ex rel. Cook, 199 Ala. 123, 74 So. 45, 2 A.L.R. 551. There is no evidence here that the meeting was called for October 8th in order to perpetrate a fraud on the stockholders. All stockholders were present or represented by proxy and agreed to and participated in the election of petitioners. Here, again, respondent is estopped by his conduct from questioning the legality of the meeting and of the election of petitioners. 5 Fletcher Cyclopedia Corporations 38, § 2005.

There is testimony in the record that on the day following the displacement of respondent one of the stockholders who had voted his stock for each of the petitioners "felt it was a little harsh perhaps. He thought that Mr. Shannon should have stayed on the board". A harried or contrite conscience cannot be grounds, in law, for nullifying the election of those for whom the stockholder voted.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered dissolving the temporary injunction. Petitioners ask this court to grant them the temporary injunctive relief which they sought in their cross-action. Aside from the fact that they offered no evidence on the trial to show that respondent was interfering with their control and operation of the corporation, whether they will need injunctive relief following the entry of our judgment will depend entirely on the conduct of respondent and is a matter properly entrusted to the trial court.

Inasmuch as the subject matter of this suit would likely become moot before a motion for rehearing could be considered and decided, we exercise the power conferred by Rule 515, T.R.C.P., and deny the right to respondent to file a motion for rehearing.

MR. JUSTICE NORVELL, joined by Justices SMITH and GREENHILL, concurring.

The controlling circumstance in this case is the simply established fact that all of the owners of all the capital stock of the corporation were present either in person or by proxy at the disputed stockholders' meeting which was called to order and presided over by the respondent. Obviously, the respondent is in no position to complain of the legality of such stockholders' meeting, nor could he question the validity of directors' meeting which followed. He may not invoke the aid of a court of equity to preserve his control of the corporation and thus set at naught the acts of the stockholders and the board of directors selected by such stockholders. This is the essential holding of the case and upon this basis, I concur in the order of reversal.