**INVESTORS REALTY TRUST,**
Appellant,

v.

**The CARLTON CORPORATION et
al., Appellees.**

**No. 19043.**

Court of Civil Appeals of Texas,
Dallas.

Sept. 16, 1976.

Thomas W. Craddock, Eldon L. Young-blood, Coke & Coke, Dallas, for appellant.

Gerald P. Urbach, Joseph W. Geary, Jr., Daniel C. Garner, Geary, Stahl, Koons, Rohde & Spencer, Dallas, for appellees.

GUITTARD, Justice.

This appeal is from a temporary injunction restraining a trustee's sale of real property. The apparent ground of the injunction was failure of appellant Investors Realty Trust, the holder of the note secured by a deed of trust on the property, to give the borrower, Carlton Corporation, notice of default and notice of acceleration of maturity as required in the loan agreement. Since we find that these provisions of the loan agreement were complied with after the suit was filed, but before the temporary injunction hearing, we hold that the temporary injunction was improper. We hold also that appellant's right to accelerate was not lost by waiver or estoppel.

The loan was made in 1973 by Investors Realty to Carlton Corporation in the amount of $1,500,000. The note was guaranteed by several individuals and was secured by the deed of trust in question, which covers realty in Dallas County. Interest was payable monthly, and the entire principal was payable in July 1976.

The borrower, Carlton Corporation, failed to make the interest payment due in November 1974. Negotiations then took place between the parties, who, in February 1975, signed an agreement to modify terms of the note and the amount of the indebtedness guaranteed by the guarantors. As a part of this transaction, a deed of trust on property in Collin County was given as additional security.

In December 1975, Carlton Corporation again failed to pay the monthly interest, and it has made no further payment. Investors Realty continued to send monthly statements of interest, which were marked "past due." On March 17, 1976, Carlton Corporation received a letter from the attorney for Investors Realty stating that the note was in default and that the indebtedness was accelerated. This letter is alleged not to be in compliance with the loan agreement because it did not allow ten days time to cure the default.

The notice provision of the agreement is as follows:

Notwithstanding anything to the contrary set forth in the note, the mortgage or this loan agreement, in the event of any default under any such instrument, lender shall have no right to accelerate the maturity of the note, to proceed with foreclosure under the mortgage or to exercise any other remedy unless written notice of default has been delivered to borrower and borrower has failed to cure such default within ten days thereafter.

On March 22, 1976, Investors Realty filed this action against Carlton Corporation and the guarantors for principal and accrued interest on the note. Concurrently, the trustee under the deed of trust posted notices of sale for April 6, 1976. The defendants counterclaimed for an injunction and on April 5 obtained a temporary restraining order stopping the sale.

Defendant's application for temporary injunction was heard April 29, 1976. Mean-

while, on April 15, the attorney for plaintiff Investors Realty delivered to an officer of Carlton Corporation in person the following letter.

> We represent and write on behalf of Investors Realty Trust. We hereby notify you, and reaffirm all notices previously given to you, that you are presently in default under the terms of the loan agreement dated July 3, 1973, between the Carlton Corporation and Investors Realty Trust and under the terms of your promissory note dated July 3, 1973, to Investors Realty Trust in the original principal amount of $1,500,000 and under the terms of the agreement dated as of February 19, 1975, between the Carlton Corporation and Investors Realty Trust. You have not made the interest payment in the amount of $10,000 for the month of November, 1975, which was due and payable on or before December 1, 1975, nor any monthly interest payment due thereafter.
>
> If you have not secured such default within ten (10) days from the date hereof, please be advised that Investors Realty Trust intends to accelerate the maturity of the note and take such further action as it deems appropriate to protect its legal right.

This letter was not followed by any tender of payment. Accordingly, eleven days later, on April 26, plaintiff's attorney delivered to the corporation another letter stating that the entire indebtedness evidenced by the note was accelerated and was then due.

Receipt of these letters was stipulated at the temporary injunction hearing on April 29. Nevertheless, the district court issued a temporary injunction restraining plaintiff and its trustee from attempting to sell the property pending final trial of the suit. The court's order recites findings of a "probable right" on the part of defendants in that they presented evidence showing (1) that plaintiff had failed to give notice of default and acceleration pursuant to the loan document, (2) that a prior course of conduct of the parties in negotiation and restructuring of indebtedness when interest payments had not been paid supported defendant's allegations that plaintiff had waived its right of acceleration and foreclosure and was estopped to exercise that right, and (3) that defendants were confused by various statements and letters from plaintiff concerning the amount to be paid in order to cure the default.

■ We conclude that none of these recited grounds establishes a probable right on the part of defendants to an injunction restraining the trustee's sale. Much of the material in the briefs of both parties concerns whether the notice of March 17, 1976, complied with the requirements of the loan agreement. We regard that point as immaterial in view of the later notices of April 15 and April 26 above mentioned. Appellees do not contend that these later notices did not comply with the notice requirements of the loan agreement. The March 17 notice may have affected the validity of the posting for the trustee's sale on April 6, but that matter is now moot because no sale was held on that date.

■ Neither can the temporary injunction be sustained on the ground of waiver or estoppel based on a prior course of conduct. The only conduct alleged in this contention is that in February 1975, plaintiff negotiated with defendants and entered into a modification of the loan agreement, which included acceptance of new security, and that when defendant again stopped making interest payments in December 1975, plaintiff attempted to obtain some satisfactory adjustment of the indebtedness for approximately four months before directing its trustee to post notices of sale. This evidence fails to raise an issue of either waiver or estoppel. The situation is far removed from that in *Vaughan v. Crown Plumbing & Sewer Service, Inc.*, 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ), on which defendants rely. There the noteholder had repeatedly accepted late installment payments, but when another payment was four days late, he gave notice of acceleration and on the following day declined a tender of the in-

stallment currently due. The court went no further than to say that late acceptance of installments raised an issue of waiver of the right of acceleration in the absence of some notice that timely payments of future installments would be strictly required.

Whatever cogency defendants' waiver and estoppel contentions may have with respect to the March 17 notice of acceleration, they can have none with respect to the notices of April 15 and April 26. When Carlton Corporation received the notice of April 15, it could have been under no misapprehension concerning plaintiff's intention to demand full payment of the past due interest within ten days, and could not have been justified in relying on any previous course of conduct or negotiations between the parties as excusing further delay in payment. There can be no estoppel when the party claiming the estoppel has the knowledge or the means of knowledge of the facts which the party to be estopped is alleged to have represented by his acts, conduct or silence. *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 839 (Tex.1968).

The recital concerning defendants' confusion about the amount demanded to cure the default is likewise without support in the evidence. The record shows that plaintiff sent Carlton Corporation monthly notices concerning the amount of interest due. The confusion is alleged to have resulted from the fact that on the same day the corporation received the notice of March 17 purporting to accelerate the entire balance of the indebtedness, it also received one of the routine monthly notices stating the amount of interest due. Whatever uncertainty may have existed at that time must necessarily have been dispelled by the later notice of April 15 demanding payment of all past due interest within ten days. The letter clearly states that the principal will be accelerated if the past due interest is not paid within that time. No uncertainty is alleged with respect to the amount of interest then due. Defendants failed to tender that amount or any part of it within the ten-day period allowed. Consequently, they are in no position to assert

that there was confusion concerning the amount of the payment required to avoid acceleration and foreclosure. We hold that plaintiff's notice of acceleration on April 26 was in strict compliance with the provisions of the loan agreement and that its right to proceed with the trustee's sale was then complete.

A trial judge has broad discretion to issue a temporary injunction, but he abuses that discretion if he grants a writ when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Since we find no reasonable basis for concluding that a probable right exists in this case, the order of the trial court is reversed and the temporary injunction is dissolved.