**DEER VALLEY RANCH, INC.,**
**Appellant,**

v.

**Roy ADAIR and Lamar Savings**
**Association, Appellees.**

**No. 16190.**

Court of Civil Appeals of Texas,
San Antonio.

Nov. 3, 1978.

Dodson, Harpole & Nunley, J. Ken Nunley, Uvalde, for appellant.

H. Rit Jons, Law Office of James E. Nugent, Kerrville, for appellees.

KLINGEMAN, Justice.

This is an appeal by Deer Valley Ranch, Inc., from an order of the 38th District Court of Uvalde County, Texas, denying its application for temporary injunction. In that application, appellant, the petitioner below, sought to enjoin appellees, Roy Adair and Lamar Savings Association, from conducting a deed of trust foreclosure sale on certain real property situated in Uvalde County, Texas. After a lengthy hearing the trial court entered its order denying such application, and appellant has perfected an appeal to this court. On October 11, 1978, we granted an injunction pursuant to the provisions of Article 1823, Texas Revised Civil Statutes, enjoining appellees from conducting a trustee's sale until disposition by this court of appellant's appeal in this cause.

Appellant asserts that the trial court erred in failing to grant its application for temporary injunction because (a) appellee failed to comply with requisite notice provisions prior to the attempted foreclosure; (b) there was no evidence that appellees had complied with the provisions in the deed of trust; (c) there is no competent evidence that appellees had complied with the terms of the note; and (d) appellants established all facts necessary to entitle it to an injunction.

Appellees urge that this appeal is without merit because (a) appellant wholly failed to meet the burden of proof imposed upon it in proceedings of the nature here involved; (b) the trial court did not abuse its discretion in denying the injunctive relief sought; and (c) this appeal is brought solely for the purpose of delay.[1]

Appellant urges that since this is a case involving foreclosure of real property, it was incumbent upon it to prove only that it was the owner of the land in question. By proving ownership, appellant contends it established a prima facie case for an injunction in the trial court, and that the burden then shifted to the appellees, requiring them to go forward and show facts justifying a denial of injunction. We disagree. Appellant misplaces the burden of proof.

The Supreme Court of Texas, in *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517 (1961), held:

> An applicant for a temporary injunction seeks extraordinary equitable relief. He seeks to immobilize the defendant from a course of conduct which it may well be his legal right to pursue. . . . The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery. . . . If he cannot or does not discharge his burden he is not entitled to extraordinary relief. Writs of injunction should not issue on mere surmise.

*Id.* at 519.

Although the testimony is somewhat lengthy, a considerable portion of it is immaterial and irrelevant to any issue here involved. However, it is clear from the record that (a) the note involved is dated December 6, 1977, in the principal sum of $422,927.32 and is a demand note; (b) demand has been made for the payment of the note; (c) appellant was notified by letter dated June 14, 1978, that the note involved was past due and unpaid, that the note had been accelerated, and demand was made for the payment of unpaid principal, plus accrued interest in the amount of $26,-848.73; (d) no principal or interest pay-

1. It appears from the record that appellant previously filed in July 1978 a petition for temporary injunction in a Travis County district court to enjoin an attempted deed of trust foreclosure sale set for August 1978, and that a temporary restraining order was issued by that court which effectively postponed the August sale. Appellees again posted notices of a trustee's sale for a foreclosure in September 1978, and appellant then filed the petition for temporary injunction here involved in the district court of Uvalde County, Texas, which ultimately resulted in this sale also being postponed by a temporary injunction issued by this court to protect its jurisdiction.

ments were made on the note in 1978; (e) the 1977 property taxes on the property here involved have not been paid and there are unpaid taxes on the property in the amount of $5,207.80; (f) appellant's president testified that he has been on notice for some time that the note would not be renewed but that he had made no written applications to refinance the note with anyone; and (g) proper notices of the trustee's sale were posted, and appellant was timely notified thereof. Several notices were in fact filed as exhibits in this case.

 Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether a trial court abused its discretion. *Abramov v. Royal Dallas, Inc.,* 536 S.W.2d 388 (Tex.Civ.App.—Dallas 1976, no writ); *General Telephone Co. of the Southwest v. Cities Littlefield,* 498 S.W.2d 375 (Tex.Civ. App.—Amarillo 1973, writ ref'd n. r. e.); *Holbrook v. City of El Paso,* 377 S.W.2d 669 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.). The sole question presented here is whether the trial court abused its discretion in refusing to grant the temporary injunction.

Our Supreme Court, in *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952), held:

> The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion.

*Id.* at 242, 248 S.W.2d at 462.

 Appellant wholly failed to meet its burden in the instant case. We hold that under the record in this case the trial court did not abuse its discretion in refusing to grant the temporary injunction.

The judgment of the trial court is affirmed. The temporary injunction issued by this court October 11, 1978, is dissolved.