JOHN DEERE COMPANY, Appellant,

v.

Larry IRLBECK, d/b/a I & B Farms, Appellee.

No. 07–84–0312–CV.

Court of Appeals of Texas, Amarillo.

June 10, 1986.

Rehearing Denied July 7, 1986.

Jeff Levinger and Michael L. McCoy, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Jody Sheets and Timothy D. Zeiger, Gassaway, Gurley, Sheets & Mitchell, Borger, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

John Deere Company appeals from an order granting a writ of temporary injunction which enjoins it, Ochiltree County Sheriff Joe Hataway, Hansford Implement Company, and Gene Cudd from attempting to sell Larry Irlbeck's combine until judgment is rendered in the cause. Because Irlbeck did not discharge his burden, there will be a reversal and rendition.

On 29 June 1984, a default judgment was rendered in cause no. 7079 on the docket of the trial court decreeing that John Deere Company recover $10,181.91, plus $250 attorney's fees, and interest from Larry Irlbeck, d/b/a I & B Farms, and ordering that John Deere have foreclosure of its security interest liens on Irlbeck's combine and tractor with an order of sale. That judgment was affirmed this day as explained in a published opinion. *Irlbeck, d/b/a I & B Farms v. John Deere Company*, 714 S.W. 2d 54 (Tex.App.—Amarillo 1986).

Prior to the appeal by writ of error from that judgment and its affirmance, Irlbeck filed the suit underlying this present appeal. By his suit, Irlbeck seeks to hold John Deere, Hansford Implement Compa-

ny, and Gene Cudd monetarily liable for their action in failing and refusing to apply as tendered a payment he made to extinguish the debt on the combine, thereby subjecting the combine to a forced sale at the hands of Ochiltree County Sheriff Joe Hataway pursuant to the order of sale issued in cause no. 7079. Ancilliary thereto, Irlbeck prayed for a temporary restraining order without notice, a temporary injunction after a hearing, and a permanent injunction on`final trial, ordering the party defendants to desist and refrain from attempting to sell the combine; otherwise, Irlbeck alleged, the equipment

> will be sold in a manner that will deprive the Plaintiff of an adequate price for the equipment, for which Plaintiff has no adequate remedy at law.

The trial court granted the temporary restraining order without notice; and, after a court session at which counsel made statements and argument without testimony being presented, the court ordered the issuance of a temporary injunction. The injunctive order provides that John Deere, Sheriff Hataway, Hansford Implement Company, and Gene Cudd shall desist and refrain from in any manner attempting to sell Irlbeck's combine until judgment in the cause is entered by the court. Only John Deere has appealed.

■ To be entitled to a temporary injunction to maintain the status quo of the combine pending a final trial on the merits, Irlbeck was required to plead and prove a probable right of recovery and· a probable injury to him if a writ of temporary injunction is not granted. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961). The trial court granted the temporary injunction, and the appellate question is whether, as John Deere charges, there has been a clear abuse of discretion by the court in granting the interlocutory order. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978).

■ As noted, the trial court did not hear testimony during the session at which the temporary injunction was ordered. John Deere urges, with supporting authori-

ties, that the court abused its discretion in temporarily enjoining the sale because Irlbeck failed to offer any supporting evidence of the order. Irlbeck counters, with other authorities, that when John Deere's counsel stated his agreement with substantially everything his counsel said in outlining the cause to the court, and later explained John Deere's disagreement that the combine was paid off, the statements constituted judicial admissions or stipulations which substituted for testimonial facts.

However, it is unnecessary to characterize the statements made by John Deere's counsel. Even accepting them to be judicial admissions or stipulations, neither Irlbeck's statement of the cause nor John Deere's statements of agreement cover Irlbeck's pleaded injury quoted earlier in the ·opinion—*i.e.,* that unless the sale is restrained, the combine "will be sold in a manner that will deprive [Irlbeck] of an adequate price for" it, "for which [Irlbeck] has no adequate remedy at law." Irlbeck does not contend he has evidenced in any manner that the combine will be sold for an inadequate price; instead, he only argues the question whether he has an adequate remedy at law if the combine is sold.

As earlier announced, Irlbeck was required to plead and prove a probable injury to him if the writ is not granted. *Camp v. Shannon, supra.* Since he did not discharge his burden to prove the injury pleaded, he is not entitled to the writ of temporary injunction. *Millwrights Loc. Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683, 687 (Tex.1968). It necessarily follows that the trial judge abused his discretion in granting the temporary injunction when the evidence failed to furnish a reasonable basis for concluding that Irlbeck will suffer the injury pleaded. *Accord, Camp v. Shannon, supra.*

■ Because only John Deere has appealed from the injunctive order, application of the long standing principle that the appellate court has no jurisdiction to determine a controversy between parties not before it would afford John Deere merely a pyrrhic victory, for the sale would still

stand enjoined by the injunction against the sheriff and others. But this Court is not powerless to make its judgment effective, and prevention of an ineffective judgment warrants application of the long established rule that if appellant can be given full and effective relief in no other way than by a reversal of the judgment as to nonappealing parties, then such reversal will be ordered. *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610, 613 (1948). Application of the rule is particularly pertinent where, as here, an injunction has been granted and there is no evidence to support a requirement for the injunctive relief. *Truck Drivers, Etc. v. Whitfield Transportation,* 154 Tex. 91, 273 S.W.2d 857, 863 (1954).

Accordingly, the judgment of the trial court is reversed and judgment is here rendered decreeing that the temporary injunction is dissolved.