IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-626-CV





GEORGE W. GRAYUM,



 APPELLANT


VS.





CITY OF AUSTIN,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 92-12155, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 




 George W. Grayum appeals from an order of the district court of Travis County
denying his request for temporary injunctive relief against the City of Austin. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(4) (West Supp. 1993). In five points of error, Grayum complains
of various errors allegedly committed by the trial court. We will affirm.

 The following factual background is gleaned from the briefs of the parties and
various documents contained in the transcript. Grayum purchased property outside the city limits
of Austin, but arguably within the City's extra-territorial jurisdiction. (1) In compliance with City
ordinances, Grayum filed a subdivision plat for the property. After the City approved the
proposed subdivision plat, Grayum used the property for commercial purposes. On several
occasions Grayum asked the City to extend electrical services to the location. In response, City
environmental inspectors advised Grayum that he was required by the Lake Austin Watershed
ordinance to obtain an approved site-development plan before receiving electrical services. 
Grayum refused to file a site-development plan. Accordingly, the City refused to extend electrical
service to the property. Additionally, the City initiated criminal proceedings against Grayum for
developing the property without first obtaining an approved site-development plan. Grayum
alleged that, as a result of the City's actions, he was forced to close his business for several
months, thereby losing customers, goodwill, and business.

 Grayum filed suit in the Travis County district court to enjoin the City from
enforcing the Lake Austin Watershed ordinance against him, either by withholding utilities from
the property or by filing criminal charges. Grayum also asked the trial court to render judgment
declaring that Grayum's property was not within the City's extra-territorial jurisdiction, that the
City lacked authority to impose civil penalties or criminal sanctions for failure to comply with the
ordinances's filing requirements, and that the requirement of the ordinance that a site-development
plan be filed did not apply to Grayum's property since he had already received an approved
subdivision plat. The district court denied Grayum's request for a temporary injunction, from
which order Grayum appeals.

 To authorize the issuance of a temporary injunction, Grayum had the burden of
pleading a cause of action and offering evidence tending to prove a probable right of recover upon
final hearing and a probable injury in the interim. Sun Oil v. Whitaker, 424 S.W.2d 216, 218
(Tex. 1968); Camp v. Shannon, 348 S.W.2d 517, 519 (Tex. 1961). In the present case, no
evidentiary hearing was held by the district court. The appellate record contains no statement of
facts. The only "evidence" in the record to support Grayum's request for injunctive relief is his
own sworn affidavit attached to his petition. This is not sufficient. The Texas Supreme Court
addressed a similar situation in Millwrights Local Union No. 2484 v. Rust Engineering, 433
S.W.2d 683 (Tex. 1968). In that case, Rust Engineering filed a sworn petition in support of its
request for temporary injunctive relief. After a hearing at which no evidence was offered to prove
probable right and probable injury, the trial court granted the injunction. On appeal, the supreme
court concluded that the record contained no evidence to support the trial court's issuance of
injunctive relief, "unless Rust Engineering's sworn petition may be treated as an affidavit, and the
required proof may be made by affidavits." Id. at 686. The court then held that "in the absence
of agreement by the parties, the proof required to support a judgment issuing a writ of temporary
injunction may not be made by affidavits . . . ." Id.; see also Rogers v. Howell, 592 S.W.2d
402, 403 (Tex. Civ. App.Dallas 1979, writ ref'd n.r.e.).

 Since the only evidence in the record of the present case is Grayum's affidavit, and
because there is no evidence of an agreement by the parties that an affidavit could be used to
support the requested injunction, the district court correctly denied Grayum's request.

 It appears from the record that the district court may have denied the requested
injunctive relief on substantive grounds, apparently choosing to assume facts pleaded but not
proved by Grayum. However, in the absence of findings of fact and conclusions of law, we are
required to uphold the district court's judgment on any legal theory that finds support in the
record. In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984); Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978). There are no findings of fact or conclusions of law present in this record. Hence,
we apply the legal principle enunciated by Rust Engineering, that an affidavit alone may not serve
as the basis for granting a temporary injunction, to uphold the decision of the district court.

 Because we conclude that the district court did not abuse its discretion in denying
the requested temporary injunction, we overrule Grayum's point of error and affirm the court's
order.



 

 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 20, 1993

Do Not Publish

1.   The City's extra-territorial jurisdiction extends five miles beyond the corporate
boundaries of the city. See Tex. Loc. Gov't Code Ann. § 42.021 (West 1988).