**Winston BRUMMETT et al., Appellants,**

v.

**T. J. CONAWAY, Appellee.**

**No. 8083.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 7, 1970.

Phil Brummett, Minor Pounds, Lubbock, for appellants.

Jung & Marley, Harry H. Jung, Jr., Crosbyton, for appellee.

JOY, Justice.

This is an appeal from a writ of temporary injunction issued against appellants by the trial court. The temporary injunction is dissolved.

T. J. Conaway (Conaway hereafter) filed application for writ of temporary injunction on March 20, 1970 against Winston Brummett and wife (Brummett hereafter) and Southwest Festivals, Inc. (Southwest hereafter) to enjoin them from coming upon lands leased by Conaway from Brummett and conducting a rock festival.[1] The par-

---

1. We understand the use of the term "rock festival" has no relationship to a hard mineral but refers to a musical shindig wherein the band or bands play a form or type of music referred to as "rock" music highly popular with the young people.

ties defendant were duly served and hearing was set for March 23, 1970 at which time Conaway and Southwest appeared with Brummett failing to so appear. The trial judge heard no evidence and considered the verified pleadings filed by plaintiff Conaway along with defendant Southwest's answer and cross action. Brummett filed an answer approximately 11 days after the hearing date. The trial court issued its writ of temporary injunction requiring the posting of a bond in the amount of $20,-000.00 which was duly posted by Conaway. Southwest and Brummett then brought this appeal here.

█ Defendants contend error on the failure of the court to permit evidence to be introduced at the hearing on the temporary injunction, in the matter of the amount of the bond as not being supported by pleadings or the law and facts, and further, error by reason of the fact that the trial judge sitting in the case in issuing the writ of temporary injunction was not the resident judge of the district court in which the case was filed and the hearing had. First, the point of the refusal of the trial court to permit Southwest to put on evidence was error. As stated by the Supreme Court in Millwrights Local Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683, 685 (1968):

"The first question which must be decided is whether there is evidence in the record supporting the trial court's judgment issuing a writ of temporary injunction against Millwright. To authorize issuance of the writ, Rust had the burden of not only pleading facts which, if proved, would entitle it to a permanent injunction, but, as well, of offering evidence tending to prove its probable right thereto on final hearing and of probable injury in the interim. Sun Oil Co. v. Whitaker, 424 S.W.2d 216 (Tex. Sup.1968); Oil Field Haulers Ass'n v. Railroad Commission, 381 S.W.2d 183 (Tex.Sup.1964); Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961). No such proof is to be found in the record unless, as heard by the court of civil appeals, Rust's sworn petition may be treated as an affidavit, and the required proof may be made by affidavit. We hold that, in the absence of agreement by the parties, the proof required to support a judgment issuing a writ of temporary injunction may not be made by affidavit, and thus that Rust's sworn petition does not constitute evidence supporting the trial court's judgment in this case."

The trial court here did not require evidence by the plaintiff and further refused the defendant Southwest's request to put on evidence.

█ We think there is another reason for dissolving the temporary injunction as pointed out by appellee Conaway in his brief. The pleadings of the defendants reflect clearly that their only claim to the use of the land for a rock festival was for the period of time from March 26 through March 29, 1970. That time having been some eight months past and even though the writ specified no time of expiration, we hold that the appeal has become moot based upon the record itself. The Supreme Court in Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union et al., 151 Tex. 239, 248 S.W.2d 460, 461 (1952) stated:

"When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, the same rule applies. The proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending. (citing cases)"

In view of our disposition of the case, we do not deem it necessary to consider the other points.

For the reasons herein given, the temporary injunction is hereby dissolved.