In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00966-CV

____________


COOL WORLD AND CAN, INC., Appellants


v.


STATE OF TEXAS, WALLER COUNTY, Appellee






On Appeal from the 155th District Court 

Waller County, Texas

Trial Court Cause No. 01-09-16,072






O P I N I O N

 Appellants, Cool World and CAN, Inc., have filed this interlocutory appeal of a
temporary injunction order entered by the trial court on September 21, 2001 enjoining
appellants and other defendants below, A-Star Investments, Inc. (A-Star) and Thomas
Abraham, A-Star's agent, from holding an outdoor music event in Waller County, Texas. 
We reverse the order, dissolve the temporary injunction, and remand the cause for further
proceedings.

BACKGROUND


 Appellants contracted with A-Star to lease Riverbridge Super Park, owned by A-Star,
for an outdoor music event to be held on September 22 and 23, 2001. On September 17,
2001, the Waller County District Attorney filed a suit against A-Star to enjoin the music
event and an application for a temporary restraining order (TRO) and a temporary injunction
against A-Star and its agent, Abraham. The trial court granted the temporary restraining
order and set a hearing on the application for temporary injunction for September 21. 

 At the September 21 hearing, the assistant district attorney amended the petition, with
the court's permission, to add Cool World and its parent company, CAN, Inc., as defendants. 

 At the close of the hearing, the trial court granted the temporary injunction against A-Star, Abraham, Cool World, and CAN, Inc., all their officers, agents, servants, employees,
successors and assigns, and their attorneys. The injunction set the case for trial on the merits
on "a date to be set by the court coordinator." The trial court did not set a bond for the
temporary injunction. 

 The music event was held as scheduled on September 22 and 23. On September 24,
the District Attorney filed a motion for contempt against A-Star, Cool World, CAN, Inc.,
Sason Parry (president of CAN, Inc.), Shawn Maher (Cool World's security consultant), and
Glenn Taylor (attorney for Cool World and CAN, Inc.). 

 At the hearing on the motion for contempt, Taylor withdrew from representing Cool
World and CAN, Inc. because he was named as a party in the motion for contempt, and the
court announced it would hold a separate hearing for CoolWorld and CAN, Inc. The trial
court denied the motion for contempt as to A-Star because, with respect to A-Star, the
pleading alleged only, "The mass gathering/outdoor music festival occurred on the property
owned by A-STAR INVESTMENTS, INC." 

 After further argument by the parties, the trial court concluded that, under section
6.001(c) of the Texas Civil Practice and Remedies Code, the District Attorney was required
to have the approval of the county commissioners court to be exempt from filing a bond to
obtain a temporary injunction. The trial court found "that the absence of the bond makes the
temporary injunction void" and denied the motion for contempt as to Taylor.

 Cool World and CAN, Inc. appeal the granting of the temporary injunction. 

 DISCUSSION


 We first consider two issues raised in appellee's brief: (1) whether appellants' notice
of appeal was timely filed and (2) whether this appeal is moot. 

Timeliness of the Notice of Appeal

 Appellee contends that this appeal should be dismissed because appellants' notice of
appeal was not timely filed. The temporary injunction was signed on September 21, 2001,
and appellants' notices of appeal were filed on October 19, 28 days after the order was
signed. 

 A temporary injunction is subject to an interlocutory appeal. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.004(a)(4) (Vernon 1997). An interlocutory appeal has an accelerated
appellate timeline, and the appellant's notice of appeal must be filed within 20 days after the
order is signed. See Tex. R. App. P. 26.1, 28.1. Therefore, appellants' notices of appeal were
filed eight days late. However, under Verburgt v. Dorner, a notice of appeal that is filed
within the 15-day period in which the appellant would be entitled to file a motion for
extension of time to file the notice of appeal necessarily implies such a motion for extension
of time. 959 S.W.2d 615, 617 (Tex. 1997). The appellant is still required to file a reasonable
explanation of his need for the extension of time. Id. In this case, the appellants have filed
such an explanation. We therefore consider appellants' issues on appeal.

Mootness

 Appellee contends this appeal is moot, citing Brummett v. Conaway, 463 S.W.2d 533,
534 (Tex. Civ. App.--Amarillo 1970, no writ) (dissolving a temporary injunction because
the time for holding the enjoined rock music festival had expired). Brummett is not relevant
to the facts of this case. Here, if the injunction is valid, appellants are subject to being held
in contempt of court. Therefore, the appeal is not moot. 

Standard of Review

 We review the granting of a temporary injunction under an abuse-of-discretion
standard, drawing all legitimate inferences from the evidence in the light most favorable to
the trial court's judgment. David v. Bache Halsey Stuart Shields, Inc., 630 S.W.2d 754, 757
(Tex. App.--Houston [1st Dist.] 1982, no writ). 

Order for Trial on the Merits

 In their first issue, appellants contend that the trial court abused its discretion because
the order granting the temporary injunction did not include an order setting the cause for trial
on the merits, as required by rule 683. Appellee argues, without citing any authority, that the
failure to set "the cause for trial does not make the injunction void." 

 Rule 683 provides, in pertinent part, "Every order granting a temporary injunction
shall include an order setting the cause for trial on the merits with respect to the ultimate
relief sought." Tex. R. Civ. P. 683. "The requirements of Rule 683 are mandatory and must
be strictly followed. When a temporary injunction order does not adhere to the requirements
of Rule 683 the injunction order is subject to being declared void and dissolved." InterFirst
Bank San Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex. 1986). 

 In this case, the temporary injunction contained a blank order for a trial on the merits. 
In lieu of a date for trial, the blank contained the hand-written notation, "a date to be set by
the court coordinator." Thus, the case was not set for trial as required by rule 683. 
Accordingly, we sustain appellants' first issue. 

CONCLUSION


 Because appellants' first issue is dispositive, we need not reach their second and third
issues. We hold that the temporary injunction order signed on September 21, 2001 is void.
Accordingly, we reverse the order of the trial court, dissolve the temporary injunction, and
remand the cause for further proceedings.


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

 

Do not publish. Tex. R. App. P. 47.